UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mark Obinger,

      Plaintiff,

v.

Jo Anne B. Barnhart,
Commissioner of Social Security,

      Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No.04-4875 ADM/JSM

---

Jennifer G. Mrozik, Esq., Northwest Disability Services, Roseville, MN, for and on behalf of Plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, Minneapolis, MN, for and on behalf of Defendant.

---

## I.  INTRODUCTION

Plaintiff Mark Obinger's ("Plaintiff") appeals from the denial of disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 416 and 423 [Docket No. 11].  This matter is before the undersigned United States District Judge pursuant to Plaintiff's Objections [Docket No. 22] to the Report and Recommendation ("R&R") of Magistrate Judge Janie S. Mayeron [Docket No. 21] which upholds the denial of benefits by the Commissioner of Social Security ("Defendant").

## II.  DISCUSSION

The district court must undertake an independent, *de novo* review of those portions of the R&R to which a party objects, and "may accept, reject, or modify the recommended decision." D. Minn. LR 72.2(b).  The procedural and factual background, described in considerable detail in the R&R, is incorporated by reference for Plaintiff's present Objections.

Plaintiff has raised five objections to the R&R. First, Plaintiff contends the R&R failed to give proper weight to the opinion of his treating physician. Second, Plaintiff avers that the Administration Law Judge ("ALJ") failed to give proper consideration to the disability determination rendered by the Veterans Administration. Third, Plaintiff argues the ALJ failed to properly evaluate the claimant's credibility. Fourth, Plaintiff alleges the ALJ failed to adequately consider the erosion of the sedentary occupational base in determining whether jobs exist in sufficient numbers in the national economy. Finally, Plaintiff alleges that the vocational expert's testimony was inconsistent with the Selected Characteristics of Occupations.

A.   **Reviewing Standard**

A reviewing court must affirm the Commissioner's decision if it is supported by substantial evidence contained in the record as a whole. 42 U.S.C. § 405(g); Holley v. Massanari, 253 F.3d 1088, 1091 (8th Cir. 2001). While less than the preponderance of the evidence standard, substantial evidence would allow a reasonable mind to find it "adequate to support the Commissioner's conclusion." Holley, 253 F.3d at 1091. A reviewing court should consider evidence that both detracts from and supports the Commissioner's decision. Id. If the record contains substantial evidence supporting the Commissioner's determination, the court may not reverse the Commissioner's ruling even if it would have reached a different conclusion. Id.

B.   **Weight of the Treating Physician**

Beginning with Plaintiff's first objection, he alleges the ALJ erred in failing to give proper weight to the opinion of the treating physician, Dr. Mary Hotchkiss ("Hotchkiss"). Substantial weight should be given to the treating physician's opinion if it is supported by

medically acceptable clinical or diagnostic data.  Davis v. Shalala, 31 F.3d 753, 756 (8th Cir. 1994) (citation omitted).  However, the treating physician's opinion is not conclusive in determining disability status.  Id.  Here, the ALJ declined to give Hotchkiss' opinions controlling weight because the opinions were not well supported by objective medical evidence, the evidence did not support Hotchkiss' conclusions, Hotchkiss' opinions contradicted her conclusions, and Hotchkiss' conclusions were inconsistent with other evidence.  R&R at 19-21.

First, the R&R correctly recognized that the "record supports a finding that plaintiff is suffering from degenerative disc disease with disc bulging and nerve root involvement at the L5-S1 level" as acknowledged by the ALJ.  Transcript ("Tr.") at 29, 32; R&R at 19.  However, the R&R also correctly notes that no objective evidence on the record supports the limitations suggested by Hotchkiss.  The only evidence on the record cited by Hotchkiss as to Plaintiff's ability to function are notes that Plaintiff walked with a limp and complained of pain.  Tr. at 280, 309, 418, 440; R&R at 19.  Because Hotchkiss fails to explain the diagnosis of Plaintiff's injury to the recommended limitations, the ALJ and R&R correctly did not give Hotchkiss' opinions controlling weight.

Next, the R&R accurately concluded that Hotchkiss' limited time with Plaintiff, along with the failure to conduct an examination of Plaintiff's ability to function, fail to support her conclusions.  Id. at 20.  There is no record evidence to support a causal connection between Plaintiff's diagnosis and Hotchkiss' recommended limitations.  Additionally, the R&R concludes that Hotchkiss' notes contradict her conclusions.  Id. at 20.  For example, Hotchkiss recorded on November 12, 2003, that Plaintiff's back "pain is controlled on codeine 30 mg tablets b.i.d. p.r.n."  Tr. at 418; R&R at 20.  This finding is inconsistent with the conclusion that Plaintiff is

unable to work at all. Finally, the opinions of other physicians contradict Hotchkiss' conclusions of functional limitations based on back and leg pain. Two state agency physicians found that Plaintiff was able to perform work with light exertional limits. Tr. at 249, 255; R&R at 21. Moreover, the medical examiner found that Plaintiff was sufficiently functional to perform sedentary activity. Tr. at 511-13; R&R at 21.

Given the inconsistencies and lack of support for the conclusions made by Hotchkiss, the Magistrate Judge correctly concluded that the ALJ's decision to not give controlling weight to the opinion of Hotchkiss is supported by substantial evidence. The ALJ considered all available evidence, and made a reasonable conclusion based on the many medical reports. The ALJ's conclusions are substantially supported by the evidence, and therefore must stand.

**C.     Veterans Administration Determination**

In his second objection, Plaintiff avers that the ALJ failed to give proper consideration to the determination by the Veterans Administration. However, as the R&R found, the ALJ did consider the findings of the Veterans Administration, and concluded they were not binding upon the Commissioner. R&R at 23 n.9; Tr. at 28-29; Morrison v. Apfel, 146 F.3d 625, 628 (8th Cir. 1998). Although the ALJ did not specifically state that the Veterans Administration had increased the disability rating of Plaintiff arising from degenerative disc disease from 10% to 40%, he did analyze the data underlying that conclusion. R&R at 23 n.9. Because the ALJ considered the Veterans Administration data, he did not err in failing to find it to be non-binding upon the Commissioner.

**D.     Credibility**

In his third objection, Plaintiff contends that the ALJ did not properly assess the

credibility of Plaintiff.  Specifically, Plaintiff argues that the ALJ did not assess all of the credibility factors set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  When assessing credibility, the ALJ must evaluate and explain his conclusions regarding the observations of third parties and physicians as to:

     1. the claimant's daily activities;
     2. the duration, frequency, and intensity of the pain;
     3. precipitating and aggravating factors;
     4. dosage, effectiveness, and side effects of medication;
     5. functional restrictions.

Id.; see Shelton v. Chater, 87 F.3d 992, 995 (8th Cir. 1996).  The claimant need not produce objective medical evidence to support his complaint, but the ALJ may discredit claims where they conflict with the record as a whole.  Polaski, 739 F.2d at 1322.  See also Jones v. Chater, 86 F.3d 823, 826 (8th Cir. 1996).  In this analysis, the ALJ must explicitly determine credibility and must provide reasons for discrediting the claimant's testimony.  Shelton, 87 F.3d at 995; Robinson v. Sullivan, 956 F.2d 836, 839 (8th Cir. 1992).  Credibility findings must be supported by substantial evidence.  Robinson, 956 F.2d at 839.

     Here, Plaintiff argues that the ALJ only considered Plaintiff's daily living activities and treatment other than medication, and effectively ignored the other Polaski factors.  The R&R accurately assesses that the ALJ did analyze the Polaski factors.  R&R at 32.  However, instead of addressing each factor individually, the ALJ analyzed the factors in a discussion of Plaintiff's subjective complaints.  Id.  This does not render the ALJ's judgment violative of Polaski.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).  More importantly, as the R&R found, substantial evidence exists to support the ALJ's conclusion that the Plaintiff was only partially credible.  The ALJ took into account Plaintiff's subjective complaints of pain; however, the ALJ also

5

concluded that there was an absence of evidence as to the severity of pain and how that affected Plaintiff's ability to work. Tr. at 28; R&R at 32-33. Moreover, both the ALJ and R&R relate that Plaintiff's claims of pain are undercut by his statements that his pain was under control and that his pain treatment plan was satisfactory; by his desire to go to school and seek employment; and by Plaintiff's ability to engage in activities during the time in which he claimed to be disabled. Tr. at 168-69, 173, 184, 393, 418; R&R at 33-34. Therefore, substantial evidence supports the ALJ's findings and the objection is denied.

E.     **Erosion of Sedentary Occupational Base**

In his fourth objection, Plaintiff argues that the erosion of the sedentary occupational base is an important factor in determining whether jobs exist in significant numbers in the national economy. Although the Plaintiff cites Social Security Ruling ("SSR") 96-9p in support of his argument, SSR 96-9p provides that "a finding that an individual has the ability to do less than a full range of sedentary work does not necessarily equate with a decision of 'disabled.'" SSR 96-9p, Determining Capacity to Do Other Work–Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work, 1996 WL 374185, at *1 (SSA July 2, 1996). Here, the ALJ specifically asked the vocational expert to consider a sedentary level of work for the Plaintiff considering that the Plaintiff can only "stoop . . . less than one-sixth of the day and not repetitively," and that the Plaintiff must be allowed to stand or walk for fifteen minutes out of every hour. Tr. at 527; R&R at 29. The vocational expert found 12,500 to 13,000 positions in Minnesota fit this description. Id. Therefore, the ALJ properly considered and decided the issue of erosion in the sedentary occupational base.

6

**F.      Failure of Vocational Expert to Testify Consistently**

Finally, Plaintiff contends the vocational expert failed to testify consistently with the Selected Characteristics of Occupations ("SCO").  However, there is no requirement that the ALJ question the vocational expert as to discrepancies under the SCO.  As the R&R correctly holds, SSR 00-4p states that the "evidence provided by a [vocational expert] . . . should be consistent with the occupational information supplied by the [Dictionary of Occupational Titles ("DOT")]."  SSR 00-4p, Titles II and XVI: Use of Vocational Expert and Vocational Specialist Evidence, and other Reliable Occupational Information in Disability Decisions, 2000 WL 1898704, at *2 (SSA December 4, 2000).  Here, the ALJ questioned the vocational expert regarding discrepancies between his testimony and the DOT.  TR 527-28; R&R at 36.  Additionally, although Plaintiff complains that the ALJ did not question the vocational expert about discrepancies between his testimony and the SCO, he has not specifically identified a discrepancy.

Because the ALJ's conclusions were based on substantial evidence, the R&R will be upheld.

## III. ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections [Docket No. 22] are **DENIED**;

2. The R&R [Docket No. 21] is **ADOPTED**;

3. Plaintiff's Motion for Summary Judgment [Docket No. 11] is **DENIED**; and

4. Defendant's Motion for Summary Judgment [Docket No. 18] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery

ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: March 3, 2006